☐ ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    :

         - v. -                          :    <u>INDICTMENT</u>

JEFFREY LAROCHELLE,
ERIC FINGER,                                     09 CRIM 948
FRITZ BONAVENTURE,
     a/k/a "Freak,"                      :
FORIDUZZAMAN SARDER,
     a/k/a "Freddy,"                     :
     a/k/a "Mohammed Sarder,"            :
     a/k/a "Farid Zaman,"
SAKAT HOSSAIN,                               :
     a/k/a "Shawakat Ali,"
MIKAEL HUQ,                                  :
     a/k/a "Micky,"
     a/k/a "Zareh Khan,"                 :
DENISE PARKS,
     a/k/a "Dee Dee,"                    :
REGINALD JOHNSON,
FREDERICK WARREN,                            :
DORIAN BROWN,
     a/k/a "D,"                          :
JOELL BARNETT, and
BRANDON LISI,                                :

                 Defendants.    :

- - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/09
```

<u>COUNT ONE</u>

(Conspiracy To Commit Wire Fraud and Bank Fraud)

     The Grand Jury charges:

<u>BACKGROUND</u>

     1.   At all times relevant to this Indictment, Reliable Capital Corporation ("Reliable Capital") was a mortgage brokerage firm located in Hempstead, New York.  At various times relevant to this Indictment, JEFFREY LAROCHELLE and FREDERICK WARREN, the defendants, processed loans through Reliable Capital.  REGINALD

JOHNSON, the defendant, controlled the Hempstead office of Reliable Capital.

2.    At all times relevant to this Indictment, Atlas Home Equities ("Atlas") was a mortgage brokerage firm with offices in New York, New York and Long Island, New York.  At various times relevant to this Indictment, DENISE PARKS, a/k/a "Dee Dee," and FREDERICK WARREN, the defendants, processed loans through Atlas.

3.    At all times relevant to this Indictment, Alliance Mortgage Banking Corp. ("Alliance") was a licensed mortgage lender which funded home mortgage loans and acted as a mortgage broker.  At various times relevant to this Indictment, FREDERICK WARREN, the defendant, processed loans through Alliance.

4.    At all times relevant to this Indictment, Lend America was a mortgage lender and broker located on Long Island. At various times relevant to this Indictment, DORIAN BROWN, a/k/a "D," the defendant, was a loan officer employed at Lend America, and FRITZ BONAVENTURE, a/k/a "Freak," was an independent contract employee at Lend America.

### THE SCHEME TO DEFRAUD

5.    As set forth more fully below, from at least in or about 2005 through at least in or about 2007, JEFFREY LAROCHELLE, ERIC FINGER, FRITZ BONAVENTURE, a/k/a "Freak," FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," SAKAT HOSSAIN, a/k/a "Shawakat Ali," MIKAEL HUQ, a/k/a

2

"Micky," a/k/a "Zareh Khan," DENISE PARKS, a/k/a "Dee Dee,"
REGINALD JOHNSON, FREDERICK WARREN, DORIAN BROWN, a/k/a "D,"
JOELL BARNETT, and BRANDON LISI, the defendants, and others known
and unknown, engaged in an illegal scheme to defraud various
lending institutions (the "lenders") in order to induce the
lenders to make loans for the purchase of residential properties
in New York City and Long Island that the lenders otherwise would
not have funded.  In many instances, as part of the scheme to
defraud the lenders, the defendants used fictitious and
fraudulent identity information and identification documents to
apply for the mortgage loans used to purchase the homes.  Thus,
through their execution of this scheme, the defendants were able
to obtain dozens of home mortgage loans with a total face value
of approximately $9 million, some in the names of individuals who
did not exist and others in the names of individuals whose
identification information had been misappropriated and/or
misused.  Almost all of these properties are now in default
and/or foreclosure.

      6.  As part of the scheme to defraud, the defendants
identified properties for sale primarily in and around New York
City and Long Island (the "target properties").  The defendants
arranged the purchase of the target properties with one or more
mortgage loans amounting to 100 percent of the purchase price of
the property as reported to the lenders, thus ensuring that the
defendants did not have any of their own money at risk in the

fraudulent transactions.  In some instances, the defendants arranged the sale of properties that they or their relatives and/or friends controlled.

7.    In furtherance of the scheme to defraud, the defendants arranged to purchase the target properties and to obtain home mortgage loans in the names of wholly fictitious individuals or individuals whose identification information was misappropriated and/or misused (collectively, the "straw identities").  To facilitate the transactions, and to improve the credit worthiness of the straw identities, certain of the defendants provided the lenders with false identification, employment, income and rental information for the straw identities, along with fraudulent bank statements and other materials.  In addition to false statements and documents concerning the straw identities' personal and financial profiles, the defendants falsely represented to the lenders that the straw identities intended to use the property securing each home mortgage loan as a primary residence.

8.    In furtherance of the scheme to defraud, certain defendants and others posed as the straw identities at the closings for the target properties.  The defendants typically used fraudulent identification documents bearing the photograph of the co-conspirator who was posing as the straw identity but containing the false and/or misappropriated identification information for the straw identity to deceive those individuals

4

who were not participating in the scheme about the true identity of the purchaser.

9.    To maximize the usefulness of the straw identities created and/or used by the defendants to the scheme to defraud, the defendants used the straw identities to buy multiple properties through home mortgage loans funded by different lenders over a short period of time.  As a result, each lender was typically unaware of the other loan applications in the name of a particular straw identity at the time the lender evaluated the loan application purportedly submitted by that straw identity.

10.    As a further part of the scheme to defraud, in addition to using the straw identities to obtain loans from the lenders, certain defendants posed as a straw identity for purposes of verifying false employment or residence information for a different straw identity in whose name the defendants were purchasing a property.  Similarly, after buying a target property, the defendants sometimes used the address of that target property as the home address or employment address for other straw identities involved with later mortgage loan applications.

11.    As a further part of the scheme to defraud, in most instances the defendants sought and obtained mortgages for the target properties in the names of the straw identities at values that were in excess of the prices paid to the sellers (the

5

"actual sale price"). The difference between the amount of the loans and the properties' actual sale price (the "spread") represented, in part, the defendants' profits from the scheme.

12. In furtherance of, and to conceal, the scheme to defraud, once the purchase of a target property had closed, the defendants typically made at least one payment on the loans obtained in the names of the straw identities before allowing them to go into default. With respect to certain other target properties, the defendants rented the properties to tenants and used the rent and other monies earned from the scheme to make the mortgage payments for a certain period of time before allowing the mortgages to go into default.

13. As a further part of the scheme to defraud, once the home mortgage loans were approved by the lenders as a result of the defendants' fraudulent misrepresentations and use of the straw identities, the defendants caused the loan funds to be transferred via interstate wire to or from accounts domiciled in the Southern District of New York, and/or submitted documents to lenders located in the Southern District of New York.

14. The defendants involved in each transaction distributed the proceeds from the fraudulently obtained home mortgage loans amongst themselves and their co-conspirators for their personal gain. The defendants also obtained significant fees in connection with the fraudulent transactions from their respective roles as brokers, loan processors, and/or attorneys.

**THE DEFENDANTS**

15.  At various times relevant to this Indictment, JEFFREY LAROCHELLE, the defendant, processed loans through Reliable Capital and provided information about the straw identities to other loan processors.  LAROCHELLE identified the target properties, supervised and coordinated the creation of false information for the straw identities and the submission of fraudulent loan applications and other documents to the lenders, and coordinated the activities of other co-conspirators.

16.  At various times relevant to this Indictment, ERIC FINGER, the defendant, was an attorney licensed to practice law in the State of New York who acted as the settlement agent representing the lender in connection with closings for the sales of many of the target properties.  In furtherance of the scheme to defraud, FINGER made payments from the mortgage loan proceeds to certain other members of the conspiracy, and retained proceeds of the fraud for himself.  FINGER also hid the true disbursement of the loan proceeds from the lenders by preparing false statements of payments in connection with the loan closings. On one occasion, in furtherance of the scheme to defraud, FINGER sold a property he owned to a straw identity.

17.  At various times relevant to this Indictment, DENISE PARKS, a/k/a "Dee Dee," the defendant, processed loans through Atlas.  PARKS, with the assistance of JEFFREY LAROCHELLE, the defendant, and others, prepared fraudulent mortgage loan

applications and falsely verified the employment and/or residential information for the straw identities submitted in connection with the applications.

18.    At various times relevant to this Indictment, FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," the defendant, coordinated the use of the various straw identities to buy homes using residential mortgage loans.  On occasion, to further the scheme to defraud, SARDER provided his contact information to mortgage brokers and mortgage lenders to provide verification of the loan application information of the straw identity being used as the buyer for a particular property.

19.    At various times relevant to this Indictment, SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant, posed as several different straw identities purportedly serving as the buyers of various target properties.  In exchange for posing as a straw identity at the closings for target properties, HOSSAIN received payments from the loan proceeds.  Reliance Construction of NY, Inc., a shell company that was used as the employer for different straw identities on applications for home mortgage loans for the purchase of several of the target properties, was registered in HOSSAIN's name with the New York Department of State.

20. At various times relevant to this Indictment, MIKAEL HUQ, a/k/a "Micky," a/k/a "Zareh Khan," the defendant, among other things, created false identification documents in the names of the straw identities for use at closings for the target properties.

21. At various times relevant to this Indictment, REGINALD JOHNSON, the defendant, controlled Reliable Capital. Among other things, JOHNSON prepared fraudulent mortgage loan applications and falsely verified the employment and/or residential information submitted in connection with the applications. On two occasions, in furtherance of the scheme, JOHNSON sold properties that he owned to straw identities.

22. At various times relevant to this Indictment, FREDERICK WARREN, the defendant, processed loans through Reliable Capital, Atlas, and Alliance Mortgage Banking Corp. In furtherance of the scheme, WARREN prepared and processed fraudulent mortgage loan applications and participated in identifying target properties. WARREN also assisted other defendants in making the initial mortgage payments on fraudulently-obtained loans.

23. At various times relevant to this Indictment, DORIAN BROWN, a/k/a "D," the defendant, was employed at Lend America, among other mortgage brokers. BROWN, among other things, identified target properties, processed fraudulent

mortgage loan applications, and coordinated the use of the false
identities.

24. At various times relevant to this Indictment,
FRITZ BONAVENTURE, a/k/a "Freak," the defendant, identified
target properties, coordinated the use of false identities and
fraudulent identification documents, and provided information
about the straw identities to mortgage brokers, loan officers and
loan processors.

25. At various times relevant to this Indictment,
JOELL BARNETT, the defendant, was an attorney admitted to
practice in the State of New York. BARNETT acted as either the
buyer's attorney or the seller's attorney in connection with the
sales of some of the target properties. In these roles, among
other things, BARNETT received payments from the loan proceeds
which were not disclosed to the lenders and disbursed those funds
to other members of the conspiracy.

26. At various times relevant to this Indictment,
BRANDON LISI, the defendant, worked in the law office of
Attorney-1, an attorney in Rosedale, New York. LISI prepared
sale contracts for the purchase of target properties and procured
straw buyers to act as purchasers for target properties.

<u>FRAUD AS TO PARTICULAR PROPERTIES</u>

27. As described above, in furtherance of the
conspiracy and to effect the illegal objects thereof, JEFFREY

10

LAROCHELLE, ERIC FINGER, FRITZ BONAVENTURE, a/k/a "Freak,"
FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder,"
a/k/a "Farid Zaman," SAKAT HOSSAIN, a/k/a "Shawakat Ali," MIKAEL
HUQ, a/k/a "Micky," a/k/a "Zareh Khan," DENISE PARKS, a/k/a "Dee
Dee," REGINALD JOHNSON, FREDERICK WARREN, DORIAN BROWN, a/k/a
"D," JOELL BARNETT, and BRANDON LISI, the defendants, and others
known and unknown, through the use of the straw identities and
fraudulent documents, obtained home mortgage loans from the
lenders under false pretenses to fund the purchases of the target
properties for their own enrichment.  For example:

**Properties Purchased Using The Straw Identity "Anisur Rahman"**

**116-21 148th Street, Jamaica, New York**

          a.   In or about September 2005, JEFFREY LAROCHELLE,
the defendant, arranged the sale of 116-21 148th Street, Jamaica,
New York ("the 148th Street Property"), to the straw identity
"Anisur Rahman."  To complete the sale, home mortgage loans to
"Anisur Rahman" were obtained in the amount of approximately
$455,000 from Aegis Funding.  Documents submitted to Aegis
Funding in connection with the mortgage loan applications, which
were signed by REGINALD JOHNSON, the defendant, contained
numerous false representations.  The documents falsely
represented, among other things, that the property would be the
buyer's primary residence, that "Anisur Rahman" earned $8,500 per
month as head chef at a diner, and that "Anisur Rahman" rented an

apartment and lived at a particular address.  ERIC FINGER, the defendant, was the settlement agent for the transaction.

### 198 Hendrix Street, Brooklyn, New York

b.    In or about October 2005, the straw identity "Anisur Rahman" was used to purchase a property located at 198 Hendrix Street, Brooklyn, New York, using home mortgage loans in the amount of approximately $540,000 obtained from BNC Mortgage, Inc.  Documents submitted to BNC Mortgage in connection with the mortgage loan applications contained numerous false representations.  The loan applications, which were prepared by REGINALD JOHNSON, the defendant, among others, falsely represented that the property would be the buyer's primary residence, that "Anisur Rahman" earned $8,950 per month as a buyer at a business in Brooklyn, New York, and that "Anisur Rahman" rented an apartment and lived at a particular address. ERIC FINGER, the defendant, was the settlement agent for the transaction and wrote checks to Reliable Capital from the loan proceeds in the amounts of approximately $22,963 and $5,400 which were not reflected on the settlement statement provided to BNC Mortgage.

### Properties Purchased Using The Straw Identity "Mohammed Mamun"

### 99-18 205th Street, Hollis, New York

c.    In or about December 2005, relatives of JEFFREY LAROCHELLE, the defendant, sold a property located at 99-18 205th

12

Street, Hollis, New York to the straw identity "Mohammed Mamun." To complete the sale, home mortgage loans to "Mohammed Mamun" were obtained in the amount of approximately $400,000 from Fremont Investment & Loan, a FDIC-insured bank. Documents submitted to Fremont Investment & Loans's office in Westchester County, New York, in connection with this transaction through Reliable Capital contained false representations. Among other things, the loan application falsely stated that the property would be the buyer's primary residence, that "Mohammed Mamun" earned $7,200 per month, and that "Mohammed Mamun" rented an apartment and lived at a particular address. ERIC FINGER, the defendant, was the settlement agent for the transaction.

d.   In addition to the use of the "Mohammed Mamun" straw identity for the purchase of 99-18 205th Street, Hollis, New York, the "Mohammed Mamun" straw identity was also used to purchase three other residential properties within a period of thirty-one days.

**Property Purchased Using The Straw Identity "Kabir Khan"**

**81 East Pennywood Avenue, Roosevelt, New York**

e.   In or about December 2005, REGINALD JOHNSON, the defendant, sold a property located at 81 East Pennywood Avenue, Roosevelt, New York, to the straw identity "Kabir Khan."  To complete the sale, home mortgage loans to "Kabir Khan" were obtained in the amount of approximately $385,000 from First

Franklin Financial Corp.  Documents submitted to the lender's office in Westchester County, New York, in connection with the mortgage loan applications contained numerous false representations.  The loan applications, prepared by JEFFREY LAROCHELLE, the defendant, among others, falsely represented that the property would be the buyer's primary residence, that "Kabir Khan" earned $6,800 per month as an assistant sales manager at a consulting company in New York City, and that "Kabir Khan" lived at 116-21 148th Street, Jamaica, New York, which was a property that had been purchased in the name of another straw identity, "Anisur Rahman," in or about September 2005, as described above.  The fraudulent New York State driver's license for "Humayun Kabir Khan" submitted at the time of the closing bears the photograph of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant.  In connection with the loan applications, DENISE PARKS, the defendant, submitted false documents to First Franklin Financial Corp. to disguise the fact that JOHNSON had recently purchased the property approximately two months prior to the sale to "Kabir Khan."  ERIC FINGER, the defendant, was the settlement agent for the transaction, and JOELL BARNETT, the defendant, represented the seller.

**Property Purchased Using The Straw Identity "Raja Khan"**

### 63 Bradford Street, Valley Stream, New York

　　f.　In or about January 2006, REGINALD JOHNSON, the
defendant, sold a property located at 63 Bradford Street, Valley
Stream, New York, to the straw identity "Raja Khan."　To complete
the sale, home mortgage loans to "Raja Khan" were obtained in the
amount of approximately $520,000 from First Franklin Financial
Corp.　The loan applications, prepared by JEFFREY LAROCHELLE, the
defendant, and others, falsely represented, among other things,
that the property would be the buyer's primary residence, and
that "Raja Khan" earned $14,524 per month as the owner of a
grocery store in Brooklyn, New York.　Documents presented at the
closing, including "Raja Khan's" driver's license and permanent
resident card, were fraudulent.　ERIC FINGER, the defendant, was
the settlement agent for the transaction, and signed an affidavit
that he had reviewed the borrower's driver's license to verify
his identity.　JOELL BARNETT, the defendant, represented the
seller in the transaction.　In or about June 2006, after "Raja
Khan" had purportedly purchased the property, LAROCHELLE signed a
residential lease for the property as the landlord.

**Properties Purchased Using The Straw Identity "Ajmal Akram"**

### 193 Jefferson Avenue, Mineola, New York

　　g.　In or about March 2006, the straw identity "Ajmal
Akram" was used to purchase a property located at 193 Jefferson
Avenue, Mineola, New York.　To complete the sale, home mortgage

15

loans in the amount of approximately $625,000 were obtained from First Franklin Financial Corp.  The loan applications, prepared by JEFFREY LAROCHELLE and FREDERICK WARREN, the defendants, among others, and submitted to the lender's office in Westchester County, New York, contained numerous false representations.  For example, the loan applications falsely represented among other things that the property would be the buyer's primary residence and that "Ajmal Akram" earned $13,863.12 per month as the President of a "Metropolitan Home Construction."  In addition, the borrower's driver's license and citizenship certificate presented at the closing were fraudulent.  ERIC FINGER, the defendant, was the settlement agent for the transaction.

### 79 East Market Street, Long Beach, New York

h.   In or about April 2006, the straw identity "Ajmal Akram" was used to purchase a property located at 79 East Market Street, Long Beach, New York.  To complete the sale, home mortgage loans in the amount of approximately $630,000 were obtained from Aames Funding Corp.  Documents submitted to the lender in connection with the mortgage loan applications, which were prepared by JEFFREY LAROCHELLE and FREDERICK WARREN, the defendants, among others, contained numerous false representations.  For example, the loan applications falsely represented that the property would be the buyer's primary residence, that "Ajmal Akram" earned $13,863.12 per month as President of "Metropolitan Home Construction," and that "Ajmal

16

Akram's" home address was 116-21 148th Street, Jamaica, New York, which was a property that had been purchased using the straw identity "Anisur Rahman" in September 2005. ERIC FINGER, the defendant, was the settlement agent for the transaction, and JOELL BARNETT, the defendant, represented the buyer.

### 110-14 164th Street, Jamaica, New York

i.    In or about June 2006, the straw identity "Ajmal Akram" was used to purchase a property located at 110-14 164th Street, Jamaica, New York, using home mortgage loans in the amount of approximately $330,000 obtained from Alliance Mortgage Banking Corp. Documents submitted to the lender in connection with the mortgage loan application, which was prepared by FREDERICK WARREN, the defendant, among others, contained false representations. For example, the documents falsely represented that the property would be the buyer's primary residence and that "Ajmal Akram" earned $13,863.12 per month as the president of "Metropolitan Home Construction." After the closing of this transaction, in or about August 2006, a mortgage payment was made to Alliance Mortgage Banking Corp. for this property on a "Reliance Construction NY Inc." check bearing the signature of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant.

## Properties Purchased Using The Straw Identity "Babul Malik"

### 247 Stewart Street, Elmont, New York

j.    In or about May 2006, JEFFREY LAROCHELLE, the defendant, used the straw identity "Malik Babul" to purchase a property located at 247 Stewart Street, Elmont, New York, using home mortgage loans in the amount of approximately $450,000 obtained from Mortgage Lenders Network ("MLN").  In connection with this transaction, LAROCHELLE had reached an agreement with the seller, who had fallen behind on her mortgage, that LAROCHELLE would arrange the purchase of the property but that the seller would not receive any of the proceeds from the transaction.  Documents submitted to MLN in connection with the mortgage loan applications, which were prepared by DENISE PARKS, a/k/a "Dee Dee," the defendant, among others, contained false representations.  For example, the documents falsely represented that the property would be the buyer's primary residence, and that "Malik Babul" earned $8,500 per month as a sales manager at a car dealership in Brooklyn, New York.  In connection with the closing, a fraudulent New York driver's license was submitted to MLN bearing the name "Malik, Babul," and a photograph of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant.  ERIC FINGER, the defendant, was the settlement agent for the transaction.  From the loan proceeds, FINGER, acting as settlement agent, caused a check to be written to JOELL BARNETT, the defendant, in the amount of approximately $16,760.01 and BARNETT in turn wrote a

18

check to LAROCHELLE in the amount of approximately $15,660.01.

## 114-84 226th Street, Springfield Gardens, New York

k.    In or about June 2006, the straw identity "Babul Malik" was used to purchase a property located at 114-84 226th Street, Springfield Gardens, New York, using home mortgage loans in the amount of approximately $435,000 obtained from First Horizon Home Loan.  Documents submitted to First Horizon Home Loan in connection with the mortgage loan applications contained false representations.  The loan applications falsely represented, among other things, that the property would be the buyer's primary residence and that "Babul Malik" earned $12,064.28 per month as a design engineer at "MBIC & T Corp." in Jamaica, New York.  In connection with the closing, a fraudulent New York driver's license was submitted to First Horizon Home Loan bearing the name "Malik, Babul," and a photograph of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant.  From the loan proceeds deposited with the settlement agent, a check in the amount of approximately $30,000 was written to Reliance Construction, and a check of approximately $10,000 was written to HOSSAIN.

## 18 Kelsey Avenue, Huntington Station, New York

l.    In or about June 2006, ERIC FINGER, the defendant, sold a rental property located at 18 Kelsey Avenue, Huntington Station, New York, to the straw identity "Babul Malik."  In connection with this transaction, home mortgage loans in the

amount of approximately $420,000 were obtained in the name of "Babul Malik" from Alliance Mortgage Banking. Documents submitted to Alliance Mortgage Banking in connection with the mortgage loan applications, which were prepared by FREDERICK WARREN, among others, contained false representations. For example, the documents falsely represented that the property would be the buyer's primary residence, and that "Babul Malik" earned $11,500 per month as an assistant manager for "CT Acquisitions" in East Massapequa, New York. The borrower's fraudulent New York driver's license, a photocopy of which was submitted to Alliance Mortgage Banking, bears the name "Malik, Babul," and a photograph of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant. From the loan proceeds, the settlement agent wired approximately $69,880.85 to JOELL BARNETT, the defendant, who in turn wrote two checks in the amounts of approximately $3,000 and $50,380.85 to JEFFREY LAROCHELLE, the defendant, and a check in the amount of approximately $15,000 to HOSSAIN.

**Property Purchased Using The Straw Identity "Debu Roy"**

### 201-11 100th Avenue, Hollis, New York

m.    In or about July 2006, the straw identity "Debu Roy" was used to purchase a property located at 201-11 100th Avenue, Hollis, New York. In connection with this transaction, home mortgage loans in the amount of approximately $420,000 were obtained in the name "Debu Roy" from MLN. Documents submitted to

MLN in connection with the mortgage loan application, which was prepared by DENISE PARKS, a/k/a "Dee Dee," the defendant, contained false representations. For example, the documents falsely represented that the property would be the buyer's primary residence, and that "Debu Roy" earned $8,500 per month as head foreman at Reliance Construction of NY Inc. In fact, the address for Reliance Construction, 116-21 148th Street, Jamaica, New York, was a residential property that the straw identity "Anisur Rahman" had purchased in or about September 2005, as described above. The borrower's fraudulent New York driver's license, a photocopy of which was submitted to MLN, bears the name "Roy, Debu," and a photograph of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant. ERIC FINGER, the defendant, was the settlement agent for this transaction. From the loan proceeds, FINGER wrote a check to JOELL BARNETT, the defendant, in the amount of approximately $63,933.52, and BARNETT in turn wrote a check to JEFFREY LAROCHELLE, the defendant, in the amount of approximately $62,533.52.

**Properties Purchased Using The Straw Identity "Manik Chowdaorie"**

**400 Nassau Boulevard, Mineola, New York**

n.    In or about August 2006, a relative of ERIC FINGER, the defendant, sold a rental property located at 400 Nassau Boulevard, Mineola, New York, to the straw identity "Manik Chowdaorie." To complete this transaction, home mortgage loans

in the amount of approximately $675,000 were obtained in the name of "Manik Chowdaorie" from People's Choice Home Loan, Inc.  This property had previously been sold to FINGER's relative in or about April 2005 for approximately $520,000, and was in foreclosure at the time of the August 2006 sale to "Manik Chowdaorie."  Documents submitted to the lender in connection with the mortgage loan applications contained false and fraudulent representations.  For example, the mortgage loan applications falsely represented that the property would be the buyer's primary residence, and that "Manik Chowdaorie" earned $12,646 per month as head foreman at Reliance Construction of NY, Inc., and as a waiter in Richmond Hill, New York.  The documents also falsely represented that the borrower's address was 110-14 164th Street, Jamaica, New York, which was a property that had been purchased using the straw identity "Ajmal Akram" in or about June 2006 as described above.  Letters sent to the lender purporting to verify Chowdaorie's residence at this address listed the telephone numbers of JEFFREY LAROCHELLE and FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," the defendants, as contacts.  The borrower's fraudulent New York driver's license, a photocopy of which was submitted to People's Choice Home Loan, Inc., bears the name "Chowdaorie, Manik," and a photograph of SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendant.  ERIC FINGER, the defendant, acted

as the settlement agent, and JOELL BARNETT, the defendant,
represented the buyer in the transaction.  From the loan
proceeds, FINGER wired approximately $62,503.49 to BARNETT.  The
same day, BARNETT wrote a check to LAROCHELLE in the amount of
approximately $61,514.49, and LAROCHELLE then wrote a check to
SARDER in the amount of approximately $22,000.

### 14 Garden Street, Farmingdale, New York

o.    From at least in or about August 2006 through at
least in or about September 2006, the straw identities "Manik
Chowdaorie" and "Mohammed Uddin" were used in an attempt to
purchase a property located at 14 Garden Street, Farmingdale, New
York.  Applications for home mortgage loans in the amount of
approximately $470,000 were submitted to Argent Mortgage on
behalf of "Manik Chowdaorie" and to SouthStar Funding on behalf
of "Mohammed Uddin."  Documents submitted to the lenders in
connection with the mortgage loan applications contained numerous
false representations.  In connection with the loan application
submitted to Argent Mortgage, for example, the lender was
provided a copy of a fraudulent driver's license bearing the name
"Chowdaorie, Manik" and the photograph of SAKAT HOSSAIN, a/k/a
"Shawakat Ali," the defendant.  After unsuccessful attempts to
use the straw identities "Manik Chowdaorie" and "Mohammad Uddin"
to purchase this property, the property was purchased by
FREDERICK WARREN, the defendant, in or about October 2006.

**Property Purchased Using The Straw Identity "Mahmaddul Haque"**

**114-29 147th Street, Jamaica, New York**

p.   In or about February 2007, the straw identity "Mahmaddul Haque" was used to purchase a property located at 114-29 147th Street, Jamaica, New York, with proceeds from home mortgage loans in the amount of approximately $381,000 from IndyMac Bank.  Documents submitted to the lender in connection with the mortgage loan application, which was prepared by DORIAN BROWN, a/k/a "D," the defendant, among others, contained false representations.  For example, the documents falsely represented that the property would be the buyer's primary residence and that "Mahmaddul Haque" earned $7,500 per month as a foreman at Reliance Construction NY, Inc.  The loan proceeds were transmitted by interstate wire to the Southern District of New York.

### THE CONSPIRACY

28.   From at least in or about 2005 through in or about 2007, in the Southern District of New York and elsewhere, JEFFREY LAROCHELLE, ERIC FINGER, FRITZ BONAVENTURE, a/k/a "Freak," FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," SAKAT HOSSAIN, a/k/a "Shawakat Ali," MIKAEL HUQ, a/k/a "Micky," a/k/a "Zareh Khan," DENISE PARKS, a/k/a "Dee Dee," REGINALD JOHNSON, FREDERICK WARREN, DORIAN BROWN, a/k/a "D," JOELL BARNETT, and BRANDON LISI, the defendants, and others

known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 1343 and 1344 of Title 18, United States Code.

## OBJECTS OF THE CONSPIRACY

29.  It was a part and an object of the conspiracy that JEFFREY LAROCHELLE, ERIC FINGER, FRITZ BONAVENTURE, a/k/a "Freak," FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," SAKAT HOSSAIN, a/k/a "Shawakat Ali," MIKAEL HUQ, a/k/a "Micky," a/k/a "Zareh Khan," DENISE PARKS, a/k/a "Dee Dee," REGINALD JOHNSON, FREDERICK WARREN, DORIAN BROWN, a/k/a "D," JOELL BARNETT, and BRANDON LISI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

30.  It was further a part and an object of the conspiracy that JEFFREY LAROCHELLE, ERIC FINGER, FRITZ BONAVENTURE, a/k/a "Freak," FORIDUZZAMAN SARDER, a/k/a "Freddy,"

a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," SAKAT HOSSAIN,
a/k/a "Shawakat Ali," MIKAEL HUQ, a/k/a "Micky," a/k/a "Zareh
Khan," DENISE PARKS, a/k/a "Dee Dee," REGINALD JOHNSON, FREDERICK
WARREN, DORIAN BROWN, a/k/a "D," JOELL BARNETT, and BRANDON LISI,
the defendants, and others known and unknown, unlawfully,
willfully, and knowingly, would and did execute and attempt to
execute a scheme and artifice to defraud financial institutions,
the deposits of which were then insured by the Federal Deposit
Insurance Corporation, and to obtain moneys, funds, credits,
assets, securities, and other property owned by, and under the
custody and control of, such financial institutions, by means of
false and fraudulent pretenses, representations, and promises, in
violation of Title 18, United States Code, Section 1344.

### OVERT ACTS

31.    In furtherance of the conspiracy and to effect the
illegal objects thereof, JEFFREY LAROCHELLE, ERIC FINGER, FRITZ
BONAVENTURE, a/k/a "Freak," FORIDUZZAMAN SARDER, a/k/a "Freddy,"
a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," SAKAT HOSSAIN,
a/k/a "Shawakat Ali," MIKAEL HUQ, a/k/a "Micky," a/k/a "Zareh
Khan," DENISE PARKS, a/k/a "Dee Dee," REGINALD JOHNSON, FREDERICK
WARREN, DORIAN BROWN, a/k/a "D," JOELL BARNETT, and BRANDON LISI,
the defendants, and others known and unknown, committed the
following overt acts, among others, in the Southern District of
New York and elsewhere:

a.    On or about August 23, 2005, JOHNSON prepared a
mortgage loan application for the straw identity "Anisur Rahman"
concerning 116-21 148th Street, Jamaica, New York, which
contained false and fraudulent information, among other things,
about "Anisur Rahman's" identity, residence, employment, and
income.

b.    On or about October 18, 2005, FINGER wrote two
checks in the amounts of approximately $22,263.50 and $5,400 to
Reliable Capital from mortgage loan proceeds obtained from BNC
Mortgage, Inc., in connection with the sale of real property
located at 198 Hendrix Street, Brooklyn, New York, to the straw
identity "Anisur Rahman."

c.    On or about December 20, 2005, JOHNSON sold a
property located at 81 East Pennywood Road, Roosevelt, New York,
to the straw identity "Humayan Kabir Khan" for approximately
$385,000, which was obtained from a mortgage loan issued by First
Franklin Financial Corp.

d.    On or about December 22, 2005, JOHNSON wrote a
check to LAROCHELLE in the amount of approximately $32,700 from
the proceeds of a mortgage loan issued to the straw identity
"Kabir Khan."

e.    In or about January 2006, LAROCHELLE prepared a
residential loan application for the straw identity "Raja Khan"
in connection with the purchase of real property located at 63

27

Bradford Road, Valley Stream, New York, which contained false and fraudulent representations about "Raja Khan's" identity, residence, employment, and income, among other things.

       f.   On or about January 19, 2006, FINGER wrote a check in the amount of approximately $33,469.60 to JOHNSON from loan proceeds received from First Franklin Financial Corp. in connection with the sale of real property located at 63 Bradford Road, Valley Stream, New York.

       g.   On or about January 20, 2006, FINGER wrote a check in the amount of approximately $17,277.49 to JOHNSON's wife, from loan proceeds received from First Franklin Financial Corp. relating to the sale of real property located at 63 Bradford Road, Valley Stream, New York.

       h.   On or about January 18, 2006, FINGER, JOHNSON, and JOHNSON's wife signed a HUD-1 Settlement Statement concerning the payment of mortgage loan proceeds received from First Franklin Financial Corp., which Settlement Statement did not reflect the true amount of funds that would be paid by FINGER to JOHNSON and JOHNSON's wife.

       i.   On or about March 29, 2006, LAROCHELLE prepared a residential loan application for the straw identity "Ajmal Akram" in connection with the purchase of real property located at 193 Jefferson Avenue, Jamaica, New York, which contained false and fraudulent representations about "Ajmal Akram's" identity,

residence, employment, and income, among other things.

j.    On or about April 27, 2006, PARKS prepared a residential loan application for the straw identity "Malik Babul" in connection with the purchase of real property located at 247 Stewart Street, Elmont, New York, which contained false and fraudulent representations about "Malik Babul's" identity, residence, employment, and income, among other things.

k.    On or about May 15, 2006, FINGER caused a check to be written to BARNETT in the amount of approximately $16,760.01 from the mortgage loan proceeds relating to the sale of real property located at 247 Stewart Street, Elmont, New York.

l.    On or about May 18, BARNETT wrote a check to LAROCHELLE in the amount of approximately $15,660.01.

m.    On or about May 9, 2006, WARREN prepared a residential loan application for the straw identity "Babul Malik" in connection with the purchase of real property located at 18 Kelsey Avenue, Huntington Station, New York, which contained false and fraudulent representations about "Babul Malik's" identity, residence, employment, and income, among other things.

n.    On or about June 5, 2006, FINGER sold real property located 18 Kelsey Avenue, Huntington Station, New York, to the straw identity "Babul Malik" for approximately $420,000.

o.    On or about June 5, 2006, an attorney acting as the settlement agent in connection with FINGER's sale of property

29

located at 18 Kelsey Avenue, Huntington Station, New York, to the
straw identity "Babul Malik," caused approximately $69,880.85 to
be wired to BARNETT from the mortgage loan proceeds.

     p.   On or about June 7, 2006, BARNETT wrote a check to
LAROCHELLE in the amount of approximately $3,000 from the
mortgage loan proceeds relating to the sale of real property
located at 18 Kelsey Avenue, Huntington Station, New York.

     q.   On or about June 8, 2006, BARNETT wrote a check to
LAROCHELLE in the amount of approximately $50,380.85 from the
mortgage loan proceeds relating to the sale of real property
located at 18 Kelsey Avenue, Huntington Station, New York.

     r.   On or about June 8, 2006, BARNETT wrote a check to
HOSSAIN in the amount of approximately $15,000 from the mortgage
loan proceeds relating to the sale of real property located at 18
Kelsey Avenue, Huntington Station, New York.

     s.   On or about July 12, 2006, FINGER wrote a letter
to the tenants at 18 Kelsey Avenue, Huntington Station, New York,
directing them to forward all future rent monies to LAROCHELLE.

     t.   On or about September 5, 2006, WARREN and
LAROCHELLE spoke by phone about making a payment of the mortgage
loan issued in connection with the straw identity "Babul Malik's"
purchase of real property located at 18 Kelsey Avenue, Huntington
Station, New York.

u.    On or about September 5, 2006, LAROCHELLE called Alliance Mortgage Banking Corp. and discussed making a payment on the mortgage loan issued in connection with the straw identity "Babul Malik's" purchase of real property located at 18 Kelsey Avenue, Huntington Station, New York.

v.    On or about April 26, 2006, WARREN prepared a residential loan application for the straw identity "Ajmal Akram" in connection with the purchase of real property located at 110-14 164th Street, Jamaica, New York, which contained false and fraudulent representations about "Ajmal Akram's" identity, residence, employment, and income, among other things.

w.    On or about July 18, 2006, PARKS prepared a residential loan application for the straw identity "Debu Roy" in connection with the purchase of real property located at 201-11 100th Avenue, Hollis, New York, which contained false and fraudulent representations about "Debu Roy's" identity, residence, employment, and income, among other things.

x.    On or about July 26, 2006, FINGER wrote a check to BARNETT in the amount of approximately $63,933.52 from mortgage loan proceeds relating to the sale of real property located at 201-11 100th Avenue, Hollis, New York.

y.    On or about July 31, 2006, BARNETT wrote a check to LAROCHELLE in the amount of approximately $53,533.52 from mortgage loan proceeds relating to the sale of real property

31

located at 201-11 100th Avenue, Hollis, New York.

   z. On or about August 29, 2006, FINGER wired approximately $62,503.49 to BARNETT from mortgage loan proceeds relating to the sale of real property located at 400 Nassau Boulevard, Mineola, New York.

   aa. On or about August 29, 2009, BARNETT wrote a check in the amount of approximately $61,514.49 to LAROCHELLE from mortgage loan proceeds relating to the sale of real property located 400 Nassau Boulevard, Mineola, New York.

   bb. On or about August 30, 2009, LAROCHELLE wrote SARDER a check in the amount of approximately $22,000.

   cc. On or about August 23, 2006, PARKS prepared a residential loan application for "Manik Chowdaorie" in connection with an attempt to purchase real property located at 118-16 154th Street, Jamaica, New York.

   dd. On or about September 7, 2006, LAROCHELLE, FINGER, HOSSAIN, and SARDER traveled to FINGER's office in connection with a closing scheduled for the sale of real property located at 118-16 154th Street, Jamaica, New York to the straw identity "Manik Chowdaorie."

   ee. On or about September 15, 2006, BONAVENTURE and SARDER discussed whether they could use the straw identity "Debu Roy" for any more closings, and BONAVENTURE told SARDER that BONAVENTURE had "used Debu" to get the house BONAVENTURE was

going to live in.

ff.  On or about September 15, 2006, BONAVENTURE and HUQ discussed a problem that LAROCHELLE had involving a real estate closing at which the straw identity "Debu Roy" was used as the purchaser, and whether BONAVENTURE could close his deals with the straw identity "Khan."

gg.  On or about September 20, 2006, LAROCHELLE and PARKS discussed how LAROCHELLE should to respond to a possible investigation of the straw identities "Manik Chowdaorie" and "Debu Roy."

hh.  On or about October 16, 2006, SARDER and HUQ discussed HUQ making a card for the straw identity "Mohammed Khan" to use at a closing.

ii.  On or about October 19, 2006, SARDER, HUQ, BROWN, and BONAVENTURE, among others, met in the vicinity of the office of Attorney-1, who was acting as settlement agent in connection with a closing scheduled for the sale of real property located at 191-28 112th Road, St. Albans, New York, to straw identity "Shah Khan."

jj.  On or about October 19, 2006, LAROCHELLE and LISI discussed who would provide a straw buyer in connection with a contract for the sale of real property.

kk.  On or about October 19, 2006, LISI wrote a check on Attorney-1's account to "DK Brown & Lewis," an account used by

BROWN, in the amount of approximately $25,000 from mortgage loan proceeds issued to straw identity "Shah Khan" in connection with the sale of real property located at 191-28 112th Road, St. Albans, New York.

11. On or about October 31, 2006, SARDER and HUQ discussed using "Reliance Construction NY Inc." as a possible company to verify the employment of the straw identity "Zareh Khan."

mm. From in or about August 2005 through in or about February 2007, the defendants, by their actions, caused false and fraudulent representations to be made to mortgage lenders in the Southern District of New York and caused home mortgage loan funds to be transferred via interstate wire from various lenders to and from accounts located in the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

(Bank Fraud re: 99-18 205th Street, Hollis, New York)

The Grand Jury further charges:

32. The allegations set forth in paragraphs one through twenty-seven and thirty-one of this Indictment are repeated and re-alleged as if fully set forth herein.

33. In or about December 2005, in the Southern District of New York and elsewhere, JEFFREY LAROCHELLE and ERIC FINGER, the defendants, unlawfully, willfully, and knowingly, did

execute, and attempt to execute, a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, the defendants submitted and caused to be submitted false residency, employment and financial information, among other things, to Fremont Investment & Loan, the deposits of which were insured by the Federal Deposit Insurance Corporation, in order to procure home mortgage loans in the amount of approximately $400,000 in connection with the purchase of real property located at 99-18 205th Street, Hollis, New York.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE

(Wire Fraud re: 63 Bradford Avenue, Valley Stream, New York)

The Grand Jury further charges:

34.  The allegations set forth in paragraphs one through twenty-seven and thirty-one of this Indictment are repeated and re-alleged as if fully set forth herein.

35.  In or about January 2006, in the Southern District of New York and elsewhere, JEFFREY LAROCHELLE, ERIC FINGER, and REGINALD JOHNSON, the defendants, unlawfully, willfully, and

knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants submitted and caused to be submitted false identification, residency, employment, and financial information, among other things, to First Franklin Financial Corp., in order to procure a home mortgage loan in the amount of approximately $520,000 in connection with the purchase of real property located at 63 Bradford Avenue, Valley Stream, New York, which mortgage loan proceeds were transferred via interstate wire.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR

(Wire Fraud re: 81 East Pennywood Avenue, Roosevelt, New York)

The Grand Jury further charges:

36. The allegations set forth in paragraphs one through twenty-seven and thirty-one of this Indictment are repeated and re-alleged as if fully set forth herein.

37. In or about December 2005, in the Southern District of New York and elsewhere, JEFFREY LAROCHELLE, ERIC FINGER, DENISE PARKS, a/k/a "Dee Dee," REGINALD JOHNSON, and

SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants submitted and caused to be submitted false identification, residency, employment, and financial information, among other things, to First Franklin Financial Corp., in order to procure a home mortgage loan in the amount of approximately $385,000 in connection with the purchase of real property located at 81 East Pennywood Avenue, Roosevelt, New York, which mortgage loan proceeds were transferred via interstate wire.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FIVE

(Wire Fraud re: 79 East Market Street, Long Beach, New York)

The Grand Jury further charges:

38.  The allegations set forth in paragraphs one through twenty-seven and thirty-one of this Indictment are repeated and re-alleged as if fully set forth herein.

39.  From at least in or about February 2006 through at least in or about April 2006, in the Southern District of New

York and elsewhere, JEFFREY LAROCHELLE and ERIC FINGER, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants submitted and caused to be submitted false identification, residency, employment, and financial information, among other things, to Aames Funding Corp., in order to procure a home mortgage loan in the amount of approximately $625,000 in connection with the purchase of real property located at 79 East Market Street, Long Beach, New York, which mortgage loan proceeds were transferred from an account in the Southern District of New York to FINGER's bank account via interstate wire.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT SIX

(Wire Fraud re: 193 Jefferson Avenue, Mineola, New York)

40.   The allegations set forth in paragraphs one through twenty-seven and thirty-one of this Indictment are repeated and re-alleged as if fully set forth herein.

41.   In or about March 2006, in the Southern District of New York and elsewhere, JEFFREY LAROCHELLE, ERIC FINGER,

FREDERICK WARREN, and FORIDUZZAMAN SARDER, a/k/a Freddy,' a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants submitted and caused to be submitted false identification, residency, employment, and financial information, among other things, to First Franklin Financial Corp., in order to procure a home mortgage loan in the amount of approximately $625,000 in connection with the purchase of real property located at 193 Jefferson Avenue, Mineola, New York, which mortgage loan proceeds were transferred via interstate wire.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT SEVEN

(Wire Fraud re: 114-29 147th Street, Jamaica, New York)

The Grand Jury further charges:

42.  The allegations set forth in paragraphs one through twenty-seven and thirty-one of this Indictment are repeated and re-alleged as if fully set forth herein.

39

43.  In or about February 2007, in the Southern District of New York and elsewhere, DORIAN BROWN, a/k/a "D," and SAKAT HOSSAIN, a/k/a "Shawakat Ali," the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants submitted and caused to be submitted false identification, residency, employment, and financial information, among other things, to IndyMac Bank in order to procure a home mortgage loan in the amount of approximately $381,000 for the purchase of 114-29 147th Street, Jamaica, New York, which mortgage loan proceeds were transferred via interstate wire to an account located in the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

### **FORFEITURE ALLEGATION**

44.  As a result of committing one or more of the wire fraud offenses alleged in Counts One through Six of this Indictment, JEFFREY LAROCHELLE, ERIC FINGER, FRITZ BONAVENTURE, a/k/a "Freak," FORIDUZZAMAN SARDER, a/k/a "Freddy," a/k/a "Mohammed Sarder," a/k/a "Farid Zaman," SAKAT HOSSAIN, a/k/a

"Shawakat Ali," MIKAEL HUQ, a/k/a "Micky," a/k/a "Zareh Khan," DENISE PARKS, a/k/a "Dee Dee," REGINALD JOHNSON, FREDERICK WARREN, DORIAN BROWN, a/k/a "D," JOELL BARNETT, and BRANDON LISI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses alleged in Counts One through Six of the Indictment, including but not limited to at least approximately $9,082,000 in United States currency, in that such sum in aggregate is property representing the approximate amount of proceeds obtained as a result of the bank and wire fraud offenses, for which the defendants are jointly and severally liable.

## SUBSTITUTE ASSET PROVISION

45.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (1)  cannot be located upon the exercise of due diligence;
>
> (2)  has been transferred or sold to, or deposited with, a third person;
>
> (3)  has been placed beyond the jurisdiction of the Court;
>
> (4)  has been substantially diminished in value; or

      (5)   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code Section 982(b), and Title 28, United States

Code, Section 853(p), to seek forfeiture of any other property of

the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JEFFREY LAROCHELLE,
ERIC FINGER,
FRITZ BONAVENTURE, a/k/a "Freak,"
FORIDUZZAMAN SARDER, a/k/a "Freddy,"
a/k/a "Mohammed Sarder,"
a/k/a "Farid Zaman,"
SAKAT HOSSAIN,
a/k/a "Shawakat Ali,"
MIKAEL HUQ, a/k/a "Micky,"
a/k/a "Zareh Khan,"
DENISE PARKS, a/k/a "Dee Dee,"
REGINALD JOHNSON,
FREDERICK WARREN,
DORIAN BROWN, a/k/a "D,"
JOELL BARNETT, and
BRANDON LISI,

Defendants.

**INDICTMENT**

09 Cr.

(18 U.S.C. §§ 1343, 1344, 1349)

PREET BHARARA
United States Attorney

A TRUE BILL

Foreperson.

Indictment Under Seal. A/W's issued for all Deft's.

Freeman
U.S.M